Michael C. Elmer (#60366)
michael.elmer@finnegan.com
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
2 Overlook Drive
Newport Beach, CA 92657
Tel: (949) 715-5263
Fax: (650) 849-6666

Lionel M. Lavenue
lionel.lavenue@finnegan.com
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
11955 Freedom Drive
Reston, Virginia 20190-5675
Tel: (571) 203-2700
Fax: (202) 408-4400

Attorneys for Defendants,
**SONY CORPORATION,**
**SONY CORPORATION OF AMERICA, AND**
**SONY ELECTRONICS INC.**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION - SANTA ANA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SONY CORPORATION, SONY CORPORATION OF AMERICA, and SONY ELECTRONICS INC.<br><br>Defendants. | Case No.:  SA CV 12-1678 ODW (MRWx)<br><br>**JURY TRIAL DEMANDED**<br><br>**SONY CORPORATION'S, SONY CORPORATION OF AMERICA'S, AND SONY ELECTRONICS INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT** |

Defendants Sony Corporation, Sony Corporation of America, and Sony Electronics Inc. (collectively, "Sony") hereby submit an Answer to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff, Digitech Image Technologies, LLC ("Digitech") on October 1, 2012, the due date for this answer having been

SONY CORPORATION'S, SONY CORPORATION OF AMERICA'S,
AND SONY ELECTRONICS INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT
Case No.:  SA CV 12-1678 ODW (MRWx)

- 1 -

1  extended to January 7, 2013, pursuant to the Stipulation to Extend Time agreed upon

2  by Digitech and Sony and ordered by the Court.

3  **THE PARTIES**

4  **1.**     **DIGITECH IMAGE TECHNOLOGIES, LLC ("DIGITECH" or**

5        **"Plaintiff) is a California limited liability company with a place of business**

6        **at 500 Newport Center Drive, Suite 700, Newport Beach, CA 92660.**

7  **ANSWER:**  On information and belief, Sony does not contest that DIGITECH is a

8  California limited liability company with a place of business at 500 Newport Center

9  Drive, Suite 700, Newport Beach, CA 92660.

10  2.     **On information and belief, SONY CORPORATION is a foreign company**

11        **with a place of business at Tokyo, Japan and SONY CORPORATION OF**

12        **AMERICA and SONY ELECTRONICS INC. are New York and Delaware**

13        **corporations, respectively, with places of business at New York, NY and**

14        **San Diego, CA, respectively.  Hereinafter, SONY CORPORATION, SONY**

15        **CORPORATION OF AMERICA and SONY ELECTRONICS INC. are**

16        **collectively referred to as "SONY."**

17  **ANSWER:**  Sony admits that Sony Corporation is organized and existing under the

18  laws of Japan and that Sony Corporation has a principal place of business in Tokyo,

19  Japan.  Sony admits that Sony Corporation of America is organized and existing under

20  the laws of New York and that Sony Corporation of America has a principal place of

21  business at 550 Madison Avenue, New York, New York 10022.  Sony Corporation of

22  America is an indirect, wholly-owned subsidiary of Sony Corporation.  Sony admits

23  that Sony Electronics Inc. is organized and existing under the laws of the state of

24  Delaware and that Sony Electronics Inc. has a principal place of business at 16530 Via

25  Esprillo, San Diego, California 92127.  Sony Electronics Inc. is a wholly owned

26  subsidiary of Sony Corporation of America.  Sony admits that DIGITECH

27  collectively referred to Sony Corporation, Sony Corporation of America, and Sony

28  Electronics Inc. as "Sony" in its Complaint.

SONY CORPORATION'S, SONY CORPORATION OF AMERICA'S,
AND SONY ELECTRONICS INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT
Case No.:  SA CV 12-1678 ODW (MRWx)

- 2 -

3. **This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).**

<u>**ANSWER:**</u>  The allegation of jurisdiction in Paragraph 3 of the Complaint constitutes a legal conclusion that requires no response, but Sony specifically denies any alleged infringement.

4. **On information and belief, Defendant is subject to this Court's specific and/or general personal jurisdiction, pursuant to due process and/or the California Long Arm Statute, due at least to its substantial business in California, including related to the infringements alleged herein.  Further, on information and belief, Defendant has, within this forum, engaged in at least the selling of the accused products listed herein.  In addition, Defendant induces infringement of the patent-in-suit by sellers and/or infringing users located in this forum.  Further, on information and belief, Defendant has interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendant regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to persons and/or entities in California.**

<u>**ANSWER:**</u>  The allegations in Paragraph 4 of the Complaint regarding personal jurisdiction constitute legal conclusions that require no response.  Nevertheless, for the purposes of this action only, Sony does not contest that Sony Electronics Inc. conducts business in this judicial district, but denies that this district is the most convenient for adjudication of the claims alleged by DIGITECH in this action. Insofar as the remaining allegations of Paragraph 4 of the Complaint pertain to Sony and the '415 patent, Sony denies all accusations of acts of infringement either within the judicial district of the Central District of California or without.

SONY CORPORATION'S, SONY CORPORATION OF AMERICA'S,
AND SONY ELECTRONICS INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT
Case No.:  SA CV 12-1678 ODW (MRWx)

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendant is subject to personal jurisdiction in this district. On information and belief, the Defendant is subject to this Court's specific and/or general personal jurisdiction, pursuant to due process and/or the California Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein.  Further, on information and belief, Defendant is, within this forum, engaged in at least the selling of the accused products listed herein.  In addition, Defendant induces infringement of the patent-in-suit by sellers and/or infringing users located in this forum.  Further, on information and belief, Defendant has interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendant regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to persons and/or entities in California.

**ANSWER:**  The allegations in Paragraph 5 of the Complaint regarding venue constitute legal conclusions that require no response. Nevertheless, Sony denies that this district is the most convenient for adjudication of the claims alleged by DIGITECH in this action.  Insofar as the remaining allegations of Paragraph 5 of the Complaint pertain to Sony and the '415 patent, Sony denies all accusations of acts of infringement either within the judicial district of the Central District of California or without.

6.  United States Patent No. 6,128,415 ("the '415 patent"), entitled "DEVICE PROFILES FOR USE IN A DIGITAL IMAGE PROCESSING SYSTEM," issued on October 3, 2000.

SONY CORPORATION'S, SONY CORPORATION OF AMERICA'S, AND SONY ELECTRONICS INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT Case No.:  SA CV 12-1678 ODW (MRWx)

- 4 -

1   **ANSWER:**  Sony admits that the issue date on the face of the '415 patent is October

2   3, 2000, and that the title on the face of the '415 patent is "Device Profiles for Use in a

3   Digital Image Processing System."

4   **7.      DIGITECH is the present assignee of the entire right, title and interest in**

5   **and to the '415 patent, including all rights to sue for past and present**

6   **infringement.  Accordingly, DIGITECH has standing to bring this lawsuit**

7   **for infringement of the '415 patent.**

8   **ANSWER:**  Sony is without knowledge or information sufficient to form a belief as

9   to the truth of the allegations of Paragraph 7 of the Complaint, which statement has

10  the effect of a denial of these allegations.

11  **8.      The various claims of the '415 patent cover,** *inter alia*, **a device profile for**

12  **describing properties of a device in a digital image reproduction system to**

13  **capture, transform or render an image, said device profile comprising:**

14  **first data for describing a device dependent transformation of color**

15  **information content of the image to a device independent color space; and**

16  **second data for describing a device dependent transformation of spatial**

17  **information content of the image in said device independent color space.**

18  **ANSWER:**  The allegations in Paragraph 8 of the Complaint regarding the scope of

19  the claims of the '415 patent constitute legal conclusions that require no response.

20  Sony is without knowledge or information sufficient to form a belief as to the truth of

21  the remaining allegations of Paragraph 8 of the Complaint, which statement has the

22  effect of a denial of these remaining allegations.

23  **9.      On information and belief, SONY has been and now is infringing the '415**

24  **patent by actions comprising making, using, importing, selling and/or**

25  **offering to sell products comprising a device profile for describing**

26  **properties of a device in a digital image reproduction system to capture,**

27  **transform or render an image, said device profile comprising: first data for**

28  **describing a device dependent transformation of color information content**

SONY CORPORATION'S, SONY CORPORATION OF AMERICA'S,
AND SONY ELECTRONICS INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT
Case No.:  SA CV 12-1678 ODW (MRWx)

- 5 -

1  **of the image to a device independent color space; and second data for**

2  **describing a device dependent transformation of spatial information**

3  **content of the image in said device independent color space.**

4  <u>**ANSWER:**</u>  Sony denies any allegations of infringement of the '415 patent.  Sony

5  lacks sufficient knowledge or information to either admit or deny the allegations

6  regarding Sony's "making, using, importing, selling and/or offering to sell products

7  comprising a device profile for describing properties of a device in a digital image

8  reproduction system to capture, transform or render an image, said device profile

9  comprising: first data for describing a device dependent transformation of color

10  information content of the image to a device independent color space; and second data

11  for describing a device dependent transformation of spatial information content of the

12  image in said device independent color space," which statement has the effect of a

13  denial of these allegations.  As to any other allegations of Paragraph 9 directed to

14  Sony, Sony denies the remaining allegations.

15  **10.  Moreover, on information and belief, SONY has been and now is indirectly**

16  **infringing by way of intentionally inducing infringement of the '415 patent**

17  **in this judicial district, and elsewhere in the United States, including by**

18  **aiding or abetting re-sellers, including but not limited to B&H, BEST BUY,**

19  **BUY.COM, CDW, MICROCENTER, NEWEGG and TARGET, to sell**

20  **and/or offer for sale infringing products and/or customers and/or users to**

21  **use infringing products.  Upon information and belief, such induced**

22  **infringement has occurred at least since this Defendant became aware of**

23  **the '415 patent, at least through becoming aware of this Complaint.**

24  <u>**ANSWER:**</u>  Sony denies any allegations of indirect infringement of the '415 patent.

25  As to any other allegations of Paragraph 10 directed to Sony, Sony denies the

26  remaining allegations.  Sony is without knowledge or information sufficient to form a

27  belief as to the truth of the allegations of Paragraph 10 of the Complaint as they

28

SONY CORPORATION'S, SONY CORPORATION OF AMERICA'S,
AND SONY ELECTRONICS INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT
Case No.:  SA CV 12-1678 ODW (MRWx)

pertain to "B&H, BEST BUY, BUY.COM, CDW, MICROCENTER, NEWEGG and TARGET," which statement has the effect of a denial of these allegations.

**11.   Upon present information and belief, SONY's infringing products comprise at least the following accused products: alpha NEX-7, alpha NEX-5N, alpha NEX-C3, alpha NEX-F3, alpha a77, alpha a65, alpha a57, alpha a37, Cyber-shot HX200V, Cyber-shot HX30V, Cyber-shot TX66, Cyber-shot W650, Cyber-shot TX200V, Cyber-shot TX20, Cyber-shot HX10V, Cyber-shot H90, Cyber-shot WX150, Cyber-shot WX70, Cyber-shot W690, Cyber-shot W620, Cyber-shot W610 and Cyber-shot WX50.**

**ANSWER:**  Sony denies any allegations of infringement of the '415 patent.  As to any other allegations of Paragraph 11 directed to Sony, Sony denies the remaining allegations.

**12.   SONY is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:**  Sony denies any allegations of infringement of the '415 patent.  As to any other allegations of Paragraph 12 directed to Sony, Sony denies the remaining allegations.

**13.   As a result of Defendant's infringing conduct, Defendant has damaged DIGITECH. Defendant is liable to DIGITECH in an amount that adequately compensates DIGITECH for its infringement, which, by law, can be no less than a reasonable royalty.**

**ANSWER:**  Sony denies any allegations of infringement of the '415 patent, and Sony specifically denies any entitlement to damages or royalties by Digitech.  As to any other allegations of Paragraph 13 directed to Sony, Sony denies the remaining allegations.

SONY CORPORATION'S, SONY CORPORATION OF AMERICA'S, AND SONY ELECTRONICS INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT
Case No.:  SA CV 12-1678 ODW (MRWx)

1 **14.    DIGITECH will take discovery relative to Defendant's pre-suit knowledge**

2 **of the '415 patent at the appropriate time.  Upon information and belief,**

3 **Defendant's infringement of the '415 patent since receiving notice of the**

4 **patent, at a minimum by virtue of this lawsuit, would necessarily be willful**

5 **and objectively reckless at least due to the fact that the Defendant's**

6 **infringement is clear and there is no known good faith basis to assert**

7 **invalidity.**

8 **ANSWER:**  Sony denies any allegations of infringement of the '415 patent, including

9 any specific allegations of willful or reckless infringement.  Sony denies that the '415

10 patent is valid.  As to any other allegations of Paragraph 14 directed to Sony, Sony

11 denies the remaining allegations.

12 ## SONY'S RESPONSE TO DIGITECH'S PRAYER FOR RELIEF

13 Sony denies the allegations in DIGITECH's prayer for relief against Sony.

14 Sony denies that DIGITECH is entitled to an award of any relief at all and denies that

15 DIGITECH is entitled to any of the relief sought in DIGITECH's prayer for relief as it

16 pertains to Sony.  DIGITECH's prayer should thus be denied in its entirety with

17 prejudice as it pertains to Sony, and DIGITECH should take nothing as against Sony.

18 ## AFFIRMATIVE DEFENSES

19 Without conceding that any of the following necessarily must be pled as an

20 affirmative defense, or that any of the following is not already at issue by virtue of the

21 foregoing denials, and without prejudice to Sony's right to plead additional defenses

22 as discovery in the facts of the matter warrant, Sony adopts and incorporates by

23 reference, as if set forth herein, any affirmative defense asserted by any other

24 defendant in the related actions to the extent that such affirmative defense would be

25 applicable to Sony, and Sony also asserts the following affirmative defenses:

26

27

28

SONY CORPORATION'S, SONY CORPORATION OF AMERICA'S,
AND SONY ELECTRONICS INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT
Case No.:  SA CV 12-1678 ODW (MRWx)

**FIRST AFFIRAMTIVE DEFENSE**

**(Non-Infringement)**

Based on Sony's current understanding of the allegations regarding the '415 patent, Sony has not infringed and does not infringe (either literally or under the doctrine of equivalents, either directly or by inducing infringement or contributing to infringement) any valid and asserted claim of the '415 patent.

**SECOND AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

Sony has not intentionally, willfully, or deliberately infringed nor caused to be infringed, either literally or under the doctrine of equivalents, any valid and asserted claim of the '415 patent.

**THIRD AFFIRAMTIVE DEFENSE**

**(Invalidity)**

The claims of the '415 patent are invalid at least due to anticipation by or obviousness over prior art, and/or unenforceable for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, §§ 101, 102, 103, 112, 116, and/or 185.

**FOURTH AFFIRAMTIVE DEFENSE**

**(Laches, Waiver, Acquiescence, Estoppel, and/or Statute of Limitations)**

Remedies requested by DIGITECH under the '415 patent are barred by laches, waiver, acquiescence, estoppel, and/or 35 U.S.C. § 286.

**FIFTH AFFIRAMTIVE DEFENSE**

**(Claim Construction Estoppel)**

DIGITECH is estopped from asserting any interpretation of any of the claims of the '415 patent that would be broad enough to cover any accused product that is allegedly made, used, imported, sold, and/or offered to be sold by Sony by reasons of statements, representations, amendments, omissions, and/or concessions made to the

1  United States Patent and Trademark Office during the prosecution of applications for

2  issuance of the '415 patent, or by reasons of prior acts.

3  **SIXTH AFFIRAMTIVE DEFENSE**

4  **(Prosecution History Estoppel)**

5      Prosecution history estoppel bars DIGITECH from asserting infringement

6  under the doctrine of equivalents of any of the claims of the '415 patent that would be

7  broad enough to cover any accused product that is allegedly made, used, imported,

8  sold, and/or offered to be sold by Sony, by reasons of statements and amendments

9  made to the United States Patent and Trademark Office during prosecution of the

10  application for issuance of the '415 patent, or by reasons of prior acts.

11  **SEVENTH AFFIRMATIVE DEFENSE**

12  **(Limitation on Damages and Costs)**

13      On information and belief, DIGITECH has not complied with the requirements

14  of 35 U.S.C. § 287 and is precluded from seeking any recovery for alleged damages

15  under the '415 patent prior to the filing of Complaint in this action.

16  **EIGHTH AFFIRMATIVE DEFENSE**

17  **(Exhaustion / Implied License)**

18      DIGITECH is barred from obtaining any relief sought in the Complaint to the

19  extent that the '415 patent is subject to the doctrines of patent exhaustion or implied

20  license.

21  **NINTH AFFIRMATIVE DEFENSE**

22  **(Adequate Remedy at Law)**

23      DIGITECH is not entitled to injunctive relief because any alleged injury to

24  Digitech is not immediate or irreparable and Digitech has an adequate remedy at law.

25

26

27

28

SONY CORPORATION'S, SONY CORPORATION OF AMERICA'S,
AND SONY ELECTRONICS INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT
Case No.:  SA CV 12-1678 ODW (MRWx)

## TENTH AFFIRMATIVE DEFENSE

### (Limitation on Damages as to U.S. Government)

To the extent that DIGITECH is entitled to any recovery, that recovery is barred, at least in part, by 35 U.S.C. § 1498(a) because the accused products are used by the United States government.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Sony Corporation, Sony Corporation of America, and Sony Electronics Inc. (collectively, "Sony"), having completely and fully provided their Answer to the Complaint, pray for a final judgment against Digitech Image Technologies, LLC, respectfully requesting the following relief:

A.   A judgment that the Complaint be dismissed with prejudice;

B.   A judgment that Sony has not infringed the claims of the asserted patent;

C.   A judgment that the claims of the asserted patent are invalid or unenforceable;

D.   A judgment under 35 U.S.C. § 285 awarding Sony its costs and reasonable attorneys' fees expended in defending and maintaining this action; and

E.   A judgment awarding Sony such other and further relief as the Court may deem just and proper.

Dated:  January  7, 2013

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

*/s/ Lionel M. Lavenue*

Michael C. Elmer (#60366)
michael.elmer@finnegan.com
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Tel: (650) 849-6600
Fax: (650) 849-6666

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lionel M. Lavenue
lionel.lavenue@finnegan.com
11955 Freedom Drive
Reston, Virginia 20190-5675
Tel: (571) 203-2700
Fax: (202) 408-4400

Lauren J. Dreyer
lauren.dreyer@finnegan.com
901 New York Street, N.W.
Washington, D.C. 20001
Tel: (202) 408-4000
Fax: (202) 408-4400

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document, DEFENDANTS SONY CORPORATION, SONY CORPORATION OF AMERICA'S AND SONY ELECTRONICS INC.'S ANSWER TO DIGITECH IMAGE TECHNOLOGIES, LLC'S COMPLAINT, was filed electronically on January 7, 2013 with the clerk of the court for the U.S. District Court, Central District of California pursuant to Local Rule 5-4.1 and served on all counsel who have consented to electronic service. Any other counsel of record will be served by first-class mail on this same date.

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue