John J. Edmonds (SBN 274200)
jedmonds@cepiplaw.com
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC
1851 East First Street Suite 900
Santa Ana, CA 92705
Telephone:  +1-951-708-1237
Facsimile:    +1-951-824-7901

Attorney for Plaintiff
DIGITAL IMAGE TECHNOLOGIES, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ELECTRONICS FOR IMAGING, INC., <br><br> Defendant. | CASE NO. SACV 12-01324-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br><br> Time: 1:30pm <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PANASONIC CORPORATION and PANASONIC CORPORATION OF NORTH AMERICA, <br><br> Defendants. | CASE NO. SACV 12-01667-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br> Time: 1:30pm <br><br> Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BUY.COM, INC.,<br><br>Defendant. | CASE NO. SACV 12-01668-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY CO., INC.; BEST BUY STORES, LP; BESTBUY.COM LLC,<br><br>Defendants. | CASE NO. SACV 12-01669-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CANON INC. and CANON U.S.A., INC.,<br><br>Defendants. | CASE NO. SACV 12-01670-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01671-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| B&H FOTO & ELECTRONICS CORP., | |
| Defendant. | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. 8:12-CV-01673-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| SAKAR INTERNATIONAL, INC. d/b/a VIVITAR, | |
| Defendant. | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. 8:12-CV-01675-ODW (MRW) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| LEAF IMAGING LTD (d/b/a Mamiyaleaf), and MAMIYA AMERICA CORPORATION, | |
| Defendants. | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01676-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| OLYMPUS CORPORATION AND OLYMPUS IMAGING AMERICA, INC., | |
| Defendants. | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01677-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| LEICA CAMERA AG and LEICA CAMERA INC., | |
| Defendants. | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01678-AG (ANx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| SONY CORPORATION; SONY CORPORATION OF AMERICA; and SONY ELECTRONICS INC., | |
| Defendants. | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01679-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| FUJIFILM CORPORATION, | |
| Defendant. | |
| | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. 8:12-cv-01680-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| GENERAL IMAGING CO., | |
| Defendants. | |
| | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01681-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| SIGMA CORPORATION ET AL., | |
| Defendant(s). | |
| | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | CASE NO. SACV 12-01683-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NIKON CORPORATION AND NIKON INC.,<br><br>Defendants. | CASE NO. SACV 12-01685-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRO ELECTRONICS, INC.,<br><br>Defendant. | CASE NO. SACV 12-01686-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OVERSTOCK.COM, INC.,<br><br>Defendant. | CASE NO. SACV 12-01687-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br>            Plaintiff,<br>      v.<br>NEWEGG INC. and NEWEGG.COM INC.,<br>            Defendants.<br>NEWEGG INC.<br>            Counter-Plaintiff,<br>      v.<br><br>DIGITECH IMAGE TECHNOLOGIES, LLC and ACACIA RESEARCH CORPORATION<br>Counter-Defendants. | CASE NO. SACV 12-01688-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PENTAX RICOH IMAGING COMPANY, LTD., PENTAX RICOH IMAGING AMERICAS CORP., RICOH COMPANY, LTD., AND RICOH AMERICAS CORP., <br><br> Defendants. | CASE NO. SACV 12-01689-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br><br> Time: 1:30pm <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> XEROX CORPORATION, <br><br> Defendant. | CASE NO. SACV 12-01693-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br><br> Time: 1:30pm <br><br> Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A., INC.,<br><br>Defendants. | CASE NO. SACV 12-01694-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CDW LLC,<br><br>Defendant. | CASE NO. SACV 12-01695-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR HASSELBLAD AB and HASSELBLAD USA INC.,<br><br>Defendants. | CASE NO. 8:12-cv-01696-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01697-ODW (MRW) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| CASIO COMPUTER CO LTD, et al., | |
| Defendant(s). | Hearing Date: April 1, 2013 |
| | |
| | Time: 1:30pm |
| | |
| | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-02122 ODW (SSx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| ASUS COMPUTER INTERNATIONAL and ASUSTEK COMPUTER INC., | |
| Defendants. | Hearing Date: April 1, 2013 |
| | |
| | Time: 1:30pm |
| | |
| | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-02123-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| MOTOROLA MOBILITY LLC, et al., | |
| Defendant. | Hearing Date: April 1, 2013 |
| | |
| | Time: 1:30pm |
| | |
| | Judge: Hon. Otis D. Wright, II |

10

| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-02125 ODW (MRWx) |
|---|---|
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| APPLE, INC. | |
| Defendant. | |
| | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

Plaintiff Digitech Image Technologies, LLC ("Plaintiff") and Defendants Electronics for Imaging, Inc., Panasonic Corporation, Panasonic Corporation of North America, Buy.com, Inc., Best Buy Co., Inc., Best Buy Stores, LP; Bestbuy.com LLC, Canon Inc., Canon U.S.A., Inc., B & H Foto & Electronics Corp., Sakar International, Inc. d/b/a Vivitar, Leaf Imaging LTD (d/b/a Mamiyaleaf), Mamiya America Corporation, Olympus Corporation, Olympus Imaging America, Inc., Leica Camera AG, Leica Camera Inc., Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., FUJIFILM Corporation, General Imaging Co., Sigma Corporation et al., Target Corporation, Nikon Corporation, Nikon Inc., Micro Electronics, Inc., Overstock.com, Inc., Pentax Ricoh Imaging Company, Ltd., Pentax Ricoh Imaging Americas Corp., Ricoh Company, Ltd., Ricoh Americas Corp., Newegg Inc., Newegg.com, Inc., Xerox Corporation, Konica Minolta Business Solutions, U.S.A., Inc., Victor Hasselblad AB and Hasselblad USA Inc., Casio Computer Co Ltd, Casio America, Inc., ASUS Computer International, ASUStek Computer Inc., Motorola Mobility, LLC et al., Apple Inc. and CDW LLC (collectively "Defendants"), and the Third-Party Defendant in the *Newegg* case, Acacia Research Corporation, file this joint report under Fed. R. Civ. P. 26(f), L. R. 26-1, and the Court's Scheduling Conference Order and state:

## I.    INTRODUCTION AND A SHORT SYNOPSIS OF THE PRINCIPAL ISSUES IN THE CASE.

In this case, Plaintiff contends that Defendants infringe United States Patent No. 6,128,415 ("the '415 patent"), entitled "Device Profiles for a Digital Image Processing System."  Plaintiff states that various claims of the '415 patent cover, *inter alia*, a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color

information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.  Plaintiff states that damages from such infringement comprise a reasonable royalty.  Plaintiff's Complaints are incorporated by reference herein.

Defendants contend that the '415 patent is invalid and not-infringed, and have asserted various other defenses in their respective answers and/or counterclaims, which are all incorporated by reference herein.

In addition, Newegg Inc. has filed two counterclaims against Digitech and Acacia Research Corporation seeking declaratory judgments of non-infringement and invalidity of the '415 patent.  As of the date of the meet-and-confer, Acacia Research Corporation has filed a Motion to Dismiss which is scheduled to be heard on April 1, 2013.

Both sides assert this is an exceptional case entitling each side to recover its attorney's fees.

## II.    ITEMS REQUIRED BY FRCP 26(f):

**FED. R. CIV. P. 26(f)(3)(A). What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties will make Rule 26(a) disclosures by April 8, 2013.

The Retailers maintain that no initial disclosures should be made as they have moved for a stay of the case in its entirety.  Until that motion is resolved, the Retailers do not believe that initial disclosures should be made.  However, if the Court denies the motion to stay, the Retailers will agree to mutually exchange disclosures with Plaintiff seven (7) business days after any order by the Court

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1 denying the Motion to Stay.  Plaintiff disagrees with the Retailers' position, and
2 contends that the Retailers should make initial disclosures along with the other
3 Defendants.

4     Additionally, Counter-Claimant Newegg Inc. and Third-Party Acacia
5 Research Corporation ("ARC") agree that initial disclosures do not need to be made
6 to each other in relation to the counter-claim asserted by Newegg against ARC until
7 seven (7) business days after any order by the Court denying ARC's Motion to
8 Dismiss.

9     **FED. R. CIV. P. 26(f)(3)(B). The subjects on which discovery may be**
10 **needed, when discovery should be completed, and whether discovery**
11 **should be conducted in phases or be limited to or focused on particular**
12 **issues.**

13

14 **Plaintiff's Position:**

15     Plaintiff expects that discovery may be needed regarding, *inter alia*, technical
16 matters relative to infringement, including the extent and duration of infringement,
17 the Defendants' knowledge of the patent-in-suit, the willfulness of infringement,
18 knowledge or intent relative to indirect infringement, matters relevant to the
19 reasonable royalty determination, including projections, unit sales, revenues and
20 profits for the accused products, and Defendants' defenses and counterclaims,
21 including issues related to validity and infringement.

22 **Non-Retailer Defendants' Position:**

23     Defendants expect that discovery may be needed, regarding, *inter alia*:
24 noninfringement of the '415 patent; invalidity of the '415 patent; lack of damages;
25 Plaintiff's licensing practices, including any licenses of the '415 patent; marking of
26 the '415 patent; prior assertions of the '415 patent, if any; and  enforceability of the
27 '415 patent.

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

**Retailer Defendants' Position:**

The Retailers are mere resellers of the cameras that Digitech accuses of infringement.  Digitech filed separate lawsuits against all of the camera manufacturers that supplied the Retailers the accused cameras.  The Retailers understand that no progress has been made in those cases.

The Retailers have no knowledge of the patent-in-suit, no information regarding the internal workings of the accused cameras and no technical expertise regarding the internal workings of digital cameras.  Discovery against the Retailers should be stayed until the resolution of the case against the camera manufacturers.

If the case against the Retailers is not stayed in its entirety, then the case against Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com (all of the retailers except B & H Foto and Newegg) should be stayed until just before the close of discovery.

If the case against Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com is not stayed in any respect, then the schedule for Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com should be set in coordination with the discovery and litigation schedule for the camera manufacturers except plaintiff should only be allowed to conduct limited damages discovery.

If the case against Newegg is not stayed in its entirety, the schedule for Newegg should be set in coordination with the discovery and litigation schedule for the camera manufacturers.

If the case against B & H Foto is not stayed in its entirety, the schedule for B & H Foto should be set in coordination with the discovery and litigation schedule for the camera manufacturers except plaintiff should only be allowed to conduct limited damages discovery of B & H Foto.

1    The Retailers cannot reasonably negotiate the boundaries of discovery or a

2    schedule for the camera manufacturers.   The Retailers' discovery and litigation

3    schedule should be set in coordination with the discovery and litigation schedule for

4    the camera manufacturers.

5    The Retailers expect that the camera manufacturers and other manufacturing

6    defendants will take discovery of Plaintiff regarding the invalidity of the patent-in-

7    suit, Plaintiff's knowledge of the invalidity of the patent-in-suit, Plaintiff's (or

8    Plaintiff's predecessor(s) in interest's) delay in asserting the patent-in-suit,

9    Plaintiff's damages theories, Plaintiff's licensing campaign and licenses granted to

10   the patent-in-suit, the meaning of certain terms in the patent-in-suit, the

11   inventorship of the patent-in-suit, Plaintiff's (or Plaintiff's predecessor(s) in

12   interest's) commercial embodiments of the patent-in-suit, and Plaintiff's allegations

13   and defenses to Defendants' counterclaims.  If the case against the Retailers is not

14   stayed then the Retailers expect to take discovery on the issues listed above.

15   **Acacia Research Corporation's Position:**

16   Third Party-Defendant Acacia Research Corporation ("ARC") is differently

17   situated than any other party to these cases.  ARC is an ultimate parent company of

18   Plaintiff.  It is not an owner, assignee, or exclusive licensee of the '415 patent and

19   is not asserting any claims in these cases, nor is it a Non-Retailer or Retailer.  The

20   majority of the discovery anticipated by the other parties is inapplicable to ARC.  It

21   is ARC's position that any discovery of ARC must be narrowly limited to ARC's

22   ownership interest (or, more correctly, lack of ownership interest) in the '415

23   Patent, and that any discovery of ARC should be stayed pending a ruling on its

24   Motion to Dismiss.

25   **FED. R. CIV. P. 26(f)(3)(C) Any issues about disclosure or discovery of**

26   **electronically stored information, including the form or forms in which**

27   **it should be produced.**

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1

2       Subject to the Court's approval, Plaintiff proposes that the Court enter

3   Federal   Circuit's   Model   E-Discovery   Order,   which   is   on-line   at   h

4   ttp://www.cafc.uscourts.gov/2011/model-e-discovery-order-adopted-by-the-federal-

5   circuit-advisory-counsel.html,   and   which   is   set   forth   in   the   proposed   order   at

6   Exhibit 1 hereto.  Plaintiff contends that defendants have articulated no basis to

7   deviate   from   the   Federal   Circuit's   Model   E-Discovery   Order,   which   Plaintiff

8   contends   strikes   a   reasonable   balance   between   the   competing   needs/concerns   of

9   both sides.

10      Defendants object to Plaintiff's proposed Order and, subject to the Court's

11  approval, propose that the Court enter a modified version of the Model E-Discovery

12  Order at Exhibit 2 hereto. Defendants contend that plaintiff has not articulated any

13  basis to oppose Defendants' form.  Defendants  contend that they have articulated

14  important   and   specific   reasons   why   their   proposed   Order   should   be   adopted,

15  including:  all of the Defendants consent to this form;  , entering this form would

16  result in a single E-Discovery Order for all of these cases; and this form includes

17  non-email ESI; and this form acknowledges that for the Retailers ESI discovery

18  may not be feasible.  Alternatively, Defendants request that this issue be resolved

19  by motion practice.  Consistent with Local Rule 7-3, Defendants will meet-and-

20  confer with Plaintiff to attempt to resolve this matter, or at least narrow the issues

21  for the Court, prior to filing the motion.

22      As   to   the   form   of   discovery,   each   party   will   provide   the   other   with

23  productions delivered in a Concordance compatible database format, with a .DAT

24  file to load the record information and an .OPT file to load the image information.

25  The following fields will be provided in the DAT load file, specifically BEGDOC,

26  ENDDOC, and PGCOUNT. As an alternative to this database format, documents

27  may be produced as flat files in PDF format. Large spreadsheet files, such as Excel

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1   files shall be provided in native form upon request for good cause shown, or at the

2   election of the producing party.    A party may request production of other

3   documents in native form for good cause shown.

4       **FED. R. CIV. P. 26(f)(3)(D). Any issues about claims of privilege or of**

5       **protection as trial-preparation materials, including—if the parties agree**

6       **on a procedure to assert these claims after production—whether to ask**

7       **the court to include their agreement in an order.**

8

9       The parties agree that privileged documents, unless  related to an opinion of

10   counsel required to be disclosed under N.D. Cal. Pat. L.R. 3.8, that were generated

11   on or after July 16, 2012, the date of Digitech's first lawsuit, do not need to be

12   logged on privilege logs.

13       The parties disagree about whether post-suit legal hold letters (or legal hold

14   emails) should be logged on privilege logs. Plaintiff contends they should be.

15   Defendants contend they should not be.

16       The parties further agree that draft expert reports and declarations, including

17   notes, and communications between expert witnesses and counsel for the purpose

18   of preparing expert reports or declarations are not discoverable except to the extent

19   they are relied upon by the expert witness as a basis for  his or her opinion.

20       **FED. R. CIV. P. 26(f)(3)(E). What changes should be made in the**

21       **limitations on discovery imposed under these rules or by local**

22       **rule, and what other limitations should be imposed.**

23

24       Except as set forth below, the parties expect discovery to proceed in

25   accordance with the Federal Rules and the Court's Local Rules.

26       **Position of Plaintiff and Non-retailer Defendants Regarding Depositions:**

27

28

The parties agree that the following limitations will govern depositions in the above-identified cases:

1. Plaintiff may depose the individual validity experts designated by Defendants in accordance with Rule 30(b)(1) (i.e., for up to 7 hours) per each expert report. In the event the Defendants designate one or more common validity experts, Plaintiff may depose each such common expert for up to 10 hours per expert report;

2. Defendants may depose the individual validity experts designated by Plaintiff in accordance with Rule 30(b)(1) (i.e., for up to 7 hours) per each expert report. In the event the Plaintiff designates one or more common validity experts, Defendants may depose each such common expert for up to 7 hours per expert report, plus an additional 3 hours for each Defendant[1] who is the subject of the report;

3. Plaintiff may depose the individual non-infringement and damages experts designated by Defendants in accordance with Rule 30(b)(1) (i.e., for up to 7 hours) per each expert report. In the event the Defendants designate one or more common non-infringement or damages experts, Plaintiff may depose each such common expert for up to 7 hours per expert report, plus an additional 3 hours per common designating Defendant;

4. Defendants may depose the individual infringement and damages experts designated by Plaintiff in accordance with Rule 30(b)(1) (i.e., for up to 7 hours) per each expert report. In the event Plaintiff designates one or more common infringement or damages experts, Defendants may depose each such common expert for up to 7 hours

---

[1] For purposes of depositions, "Defendant" is referring to a group of entities under common ownership or control such as parent and subsidiaries.

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

per expert report, plus an additional 3 hours per Defendant who is the subject of the report.

5. Defendants–may collectively depose Plaintiff in accordance with Rule 30(b)(6) for up to 7 hours per Rule 30(b)(6) designee on common topics plus an additional 3 hours per designee per Defendant;

As to the named inventors and prosecuting attorneys for the patent-in-suit:

a. Plaitniff proposes that Defendants may collectively depose each of the named inventors and prosecuting attorneys for the patent-in-suit in accordance with Rule 30(b)(1) for up to 14 hours;

b. Defendants propose that they may collectively depose each of the named inventors and prosecuting attorneys for the patent-in-suit in accordance with Rule 30(b)(1) for up to 7 hours plus an additional 3 hours per Defendant, up to a maximum of 21 hours;

6. Other depositions in the case shall be conducted in accordance with the normal rules applicable to Rule 30(b)(1) and Rule 30(b)(6) depositions; and

7. Plaintiff and each of the Defendants[2] may take up to 10 fact witness depositions in each of the above-identified cases. This limit does not apply to depositions of inventors, prosecuting attorneys or experts. However, the parties disagree about whether Rule 30(b)(6) designees should count against this 10 fact witness limit. Plaintiff contends that they should not, including because Defendants control how many persons they designate under Rule 30(b)(6). Defendants contend that Rule 30(b)(6) designees should count against the 10 deponent limit.

---

[2] For purposes of this paragraph, "Defendants" means collectively all defendants named in the above-captioned cases.

The Defendants contend that without counting the Rule 30(b)(6) designees against the limit on fact witnesses the total number of depositions in the matter could become excessive.  The Defendants also note that its proposal applies equally to both sides as Plaintiff, as well as Defendants, control how many persons it designates under Rule 30(b)(6)  Finally, the Advisory Committee Note to the 1993 amendment to Rule 30 that created the presumptive limit of 10 depositions per side makes clear that '[a] deposition under Rule 30(b)(6) should, for purposes of [the 10 deposition] limit, be treated as a single deposition even though more than one person may be designated to testify.

**Retailers' Position Regarding Depositions:**

1. The issues facing the Retailers are far different from the issues facing most other defendants.  Many of those other defendants manufacture the accused products.   The accused products include digital cameras, multifunction printers and scanners, cell phones and tablets.  The Retailers are merely accused of selling some of the accused digital cameras, a small subset of the accused products.  And, even for the accused digital cameras that the Retailers do sell, Digitech's depositions on technical topics related to invalidity and infringement will involve witnesses from the camera manufacturers, not witnesses from the Retailers.

2. Each retailer is accused of selling a different set of digital cameras than every other retailer.  For example, Overstock.com is not accused of selling any Casio, Fujifilm, GE or Sony products.  CDW is not accused of selling any Mamiya or Sakar products.  Best Buy is not accused of selling any Sigma products.  And so on.  No retailer is interested in the exact same issues as any other retailer and thus cannot agree to be bound by common

deposition limits with those other retailers.

3. Further, the Retailers are only accused of selling digital cameras. The Retailers are not accused of selling multifunction printers and scanners, cell phones or tablets. The infringement issues related to digital cameras are different than the infringement issues related to multifunction printers and scanners, cell phones and tablets. Thus, the Retailers cannot agree to be bound by common deposition limits with the defendants that manufacturer multifunction printers and scanners, cell phones or tablets.

4. Accordingly, the limitations imposed by the Federal Rules should apply to depositions except: 1) the Retailers may depose each of the named inventors and prosecuting attorneys for the patent-in-suit in accordance with Rule 30(b)(1) for up to 10 hours over two days with a maximum of 7 hours of testimony on either day; and 2) depositions of the Retailers shall be limited to topics related to sales, distribution and marketing of the accused products and prior knowledge, if any, of the asserted patent.

**Interrogatories and Requests for Admission:**

**Plaintiff's and Non-Retailers Position Regarding Interrogatories and Requests for Admission**

The plaintiff and non-retailer defendants do not request any modifications to the Federal Rules of Civil Procedure with respect to interrogatories and requests for admissions.

**Retailers' Position Regarding Interrogatories and Requests for Admissions**

Interrogatories propounded on the Retailers shall be limited to sales, distribution and marketing of the accused products and pre-filing knowledge of the asserted patent. Except for requests for admission directed to admissibility issues,

1 requests for admission propounded on the Retailers shall be limited to sales,

2 distribution and marketing of the accused products and pre-filing knowledge of the

3 asserted patent.  Plaintiff disagrees with the Retailers' position and contends that if

4 they truly lack information, for example, technical information, responsive to a

5 discovery request, then they should just respond that they lack the requested

6 information.

7

8      **FED. R. CIV. P. 26(f)(3)(F). Any other orders that the court should issue**

9      **under Rule 26(c) or under Rule 16(b) and (c).**

10

11

12      Plaintiff proposes the Protective Order at Exhibit 3 hereto.  This is the same

13 Protective Order that the Court has aleady entered in the *Electronics for Imaging*

14 case.  This Proposed Protective Order is almost identical to the Standard Stipulated

15 Protective Order for Litigation Involving Patents in the Northern District of

16 California.  The only changes to the Northern District's Standard Order are (1) to

17 conform it to the Local Rules of the Central District with respect to filing

18 documents under seal, and (2) there are relatively minor modifications to Sections

19 5.1 and 5.2, which relate to how protected information is designated.   Plaintiff

20 contends that defendants have not articulated any basis to oppose this form, which

21 represents the fair and reasonable balance struck by the Northern District's

22 Standard Order.

23      Defendants object to Plaintiff's proposed Protective Order, and instead

24 propose the Protective Order, which is attached hereto as Exhibit 4, and request that

25 the Court enter this Order in all of the above-identified cases.  Defendants contend

26 that plaintiff has not articulated any basis to oppose Defendants' form.  Defendants

27 contend that they have articulated important and specific reasons why their

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

proposed Order should be adopted, including: all of the Defendants—including Electronics for Imaging—consent to this form;  entering this form would result in a single Protective Order for all of these cases; and this form contains critical safeguards for the manufacturers regarding the protection of source code, which safeguards are routinely requested by the manufacturers and adopted by courts. Without the necessary safeguards on critical source code, it is possible there could be inadvertent disclosure of source code, which could irreparably damage some of the manufacturers.  Accordingly, if Defendants' Protective Order is not adopted, Defendants should be afforded the opportunity to brief this issue before the Court by way of motion practice to establish their position on this very critical issue.

Consistent with Local Rule 7-3, the parties will meet-and-confer to attempt to resolve this matter, or at least narrow the issues for the Court, prior to filing the motion.

## III.    ITEMS REQUIRED BY L.R. 26-1:

**L. R. 26-1(a). The complexity of the case, and whether all or part of the procedures of the Manual for Complex Litigation (current edition) should be utilized. Counsel may propose to the Court modifications of the procedures in the Manual to facilitate the management of a particular action.**

The parties agree that the procedures in the Manual for Complex Litigation are not necessary for this matter.

**L. R. 26-1(b). The dispositive or partially dispositive motions which are likely to be made, and a cutoff date by which all such motions shall be made.**

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1    Plaintiff and Defendants both anticipate filing at least summary judgment

2  motions in the case.  *See* proposed schedule at Appendix A, *infra*.

3    Additionally, Counter-Defendant Acacia Research Corporation intends to file

4  a motion for summary judgment if its pending Motion to Dismiss is not granted.

5    **L. R. 26-1(c). The likelihood of settlement, whether settlement**

6    **discussions have taken place or are scheduled, and which mandatory**

7    **settlement procedure should be utilized under L.R. 16-15.**

8

9    To date, few of the parties have  discussed settlement.  The parties expect to

10  discuss settlement in the near future.

11    The Retailers believe that settlement will only be possible through

12  settlements between Plaintiff and the camera manufacturers which supply the

13  accused cameras to the Retailers.  If the camera manufacturers which supply the

14  accused cameras to the Retailers settle with Plaintiff then those settlements will also

15  cover the Retailers.

16    At this time, the likelihood of settlement is speculative.  Pursuant to Local

17  Rule 16-15.4, the parties recommend the settlement procedure comprising

18  appearance before a retired judicial officer or other private or non-profit dispute

19  resolution body for non-judicial settlement or mediation proceedings. *See* Local

20  Rule 16-15.4(3).

21    **L. R. 26-1(d). A preliminary estimate of the time required for trial.**

22

23    The parties preliminary estimate that seven calendar days will be required for

24  each trial against each Defendant.

25    **L. R. 26-1(e). The likelihood of appearance of additional**

26  **parties.**

27

28

1    Plaintiff states that it only anticipates adding additional parties if discovery
2    reveals that Defendants' affiliates are actually the ones performing the infringing
3    acts relative to one or more of the accused products.  Defendants state that certain
4    third parties from which accused technology is purchased or otherwise obtained
5    may elect to intervene in one or more cases, or Defendants in such cases may seek
6    to bring such third parties in as third-party defendants.  Otherwise, the parties' state
7    that additional parties are not likely to appear.
8    **L. R. 26-1(f). The proposed timing of disclosures under Fed. R. Civ. P.**
9    **26(a)(2).**
10
11    Per the proposed schedule at Appendix A, *infra*.
12    **IV.    ITEMS REQUIRED BY THE SCHEDULING CONFERENCE**
13    **ORDER:**
14    **(1) A listing and proposed schedule of written discovery, depositions, and**
15    **a proposed discovery cut-off date.**
16
17    Pending the outcome on the Retailers' Motion to Stay and Counter-
18    Defendant Acacia Research Corporation's Motion to Dismiss, and consistent with
19    the Court's orders consolidating cases for purposes of discovery and claim
20    construction, the parties have proposed that each of the above-identified cases
21    proceed on the same schedule through the close of fact and expert discovery
22    (including claim construction).  Per the Court's Standing Order Regarding Patent
23    Cases, the parties' proposed schedules are based upon the Patent Local Rules of the
24    United States District Court for the Northern District of California, and this is set
25    forth at Appendix A *infra*.
26    In light of the number of defendants, the Defendants propose that the Court
27    hold a scheduling conference at the close of discovery to address the remaining
28

1   deadlines to file motions (both motions in limine and motions other than those in

2   limine), and to schedule the pre-trial conference and trial dates.  As a general

3   proposition, the parties agree that the Court should enter staggered deadlines for

4   these dates at the Court's convenience.

5   The Parties agree on separate trials for each Defendant pursuant to 35 U.S.C.

6   section 299.

7   **(2) A listing and proposed schedule of law and motion matters, and a**

8   **proposed dispositive motion cut-off date.**

9

10   Per the proposed schedules at Appendix A *infra*.

11   **(3) a statement of what efforts have been made to settle or resolve the**

12   **case to date and what settlement procedure is recommended pursuant to**

13   **Local Rule 16-15.4 (specifically excluding any statement of the terms**

14   **discussed).**

15

16   To date, few of the parties have  discussed settlement.  Pursuant to Local

17   Rule 16-15.4, the parties recommend the settlement procedure comprising

18   appearance before a retired judicial officer or other private or non-profit dispute

19   resolution body for non-judicial settlement or mediation proceedings. *See* Local

20   Rule 16-15.4(3).

21   The Retailers believe that settlement will only be possible through

22   settlements between Plaintiff and the camera manufacturers which supply the

23   accused cameras to the Retailers.  If the camera manufacturers which supply the

24   accused cameras to the Retailers settle with Plaintiff then those settlements will also

25   cover the Retailers.

26   **(4) An estimated length of trial and a proposed date for the Final**

27   **Pretrial Conference and for Trial.**

28

The parties presently estimate that trial of this matter against each Defendant will take seven calendar days.  Their proposal for the Final Pretrial Conference and Trial are set forth in Appendix A, *supra*.

**(5) A discussion of other parties likely to be added.**

Plaintiff states that it only anticipates adding additional parties if discovery reveals that Defendants' affiliates are actually the ones performing the infringing acts relative to one or more of the accused products.  Defendants state that certain third parties from which accused technology is purchased or otherwise obtained may elect to intervene in one or more cases, or Defendants in such cases may seek to bring such third parties in as third-party defendants.  Otherwise, the parties' state that additional parties are not likely to appear.

**(6) Whether trial will be by jury or to the court.**

Both sides have filed jury demands and anticipate there will be a jury trial over all issues triable by jury.

**(7) Any other issues affecting the status or management of the case.**

As noted above, there are thirty-two patent infringement cases involving the patent-in-suit pending before this Court.  Due to the number of related cases before the Court, and as set forth above, the Parties identified above propose a single schedule for all cases through the close of fact and expert discovery (including through claim construction) as set forth in Appendix A, *infra*).

**(8) Proposals regarding severance, bifurcation or other ordering of proof.**

**Plaintiff:**

Plaintiff opposes a stay of the retailer cases.

**Non-Retailer Defendants:**

The Non-Retailer Defendants do not oppose a stay of the retailer cases.

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1    **Retailer Defendants:**

2        The Retailers contend that the proceedings against them should be stayed

3    pending the resolution of the litigation against the digital camera manufacturers.

4        If the case against The Retailers is not stayed in its entirety, then the case

5    against Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com

6    (all of the retailers except B & H Foto and Newegg) should be stayed until just

7    before the close of discovery.

8        If the case against Buy.com, Best Buy, CDW, Target, Micro Electronics and

9    Overstock.com is not stayed in every respect, then the schedule for Buy.com, Best

10   Buy, CDW, Target, Micro Electronics and Overstock.com should be set in

11   coordination with the discovery and litigation schedule for the camera

12   manufacturers except plaintiff should only be allowed to conduct limited damages

13   discovery.

14       If the case against Newegg is not stayed in its entirety, the schedule for

15   Newegg should be set in coordination with the discovery and litigation schedule for

16   the camera manufacturers.

17       If the case against B & H Foto is not stayed in its entirety, the schedule for B

18   & H Foto should be set in coordination with the discovery and litigation schedule

19   for the camera manufacturers except plaintiff should only be allowed to conduct

20   limited damages discovery of B & H Foto.

21   **Third-Party Defendant Acacia Research Corporation:**

22       ARC reserves the right to file a motion to stay the third-party claims against

23   it pending resolution of the primary litigation between plaintiff Digitech and

24   defendant/third-party plaintiff Newegg.

25       **(9) A short synopsis of the principal issues in the case.**

26       *See* Section I above.

27       **(10) A statement of whether pleadings are likely to be amended.**

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1     As discovery progresses, each side may amend pleadings by the cut-off date

2   for amendments.

3   **(11) A statement as to issues which any party believes may be**

4       **determined by motion.**

5

6

7   Third-Party-Defendant Acacia Research Corporation intends to file a motion for

8   summary judgment if its pending Motion to Dismiss is not granted.

    SO STIPULATED.

9

10

11

12  Dated:        March 18, 2013        Collins Edmonds Pogorzelski Schlather &

13                                      Tower PLLC

14

15                                      By: /s/ JOHN J. EDMONDS

16                                      JOHN J. EDMONDS

17

18                                      Attorneys for Plaintiff

19                                      Digitech Image Technologies, LLC

20

21

22

23

24

25

26

27

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1

2

Dated:          March 18, 2013          Jones Day

3

4          By: /s/ FRANK P. COTE

5          FRANK P. COTE

6

7          Attorneys for Defendant

8          Electronics for Imaging, Inc.

9

10   Dated:          March 18, 2013          Orrick, Herrington & Sutcliffe LLP

11

12          By: /s/ CHRISTOPHER P. BRODERICK

13          CHRISTOPHER P. BRODERICK

14

15

16          Attorneys for Defendants

17          Panasonic Corporation And Panasonic

18          Corporation of North America

19

20   Dated:          March 18, 2013          Dorsey & Whitney LLP

21

22          By: /s/ CASE COLLARD

23          CASE COLLARD

24

25          Attorneys for Defendant Buy.com Inc.

26

27

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

20

1

2   Dated:        March 18, 2013         Robins, Kaplan, Miller & Ciresi L.L.P.

3

4                                        By: /s/ MICHAEL A. GEIBELSON

5                                        MICHAEL A. GEIBELSON

6                                         Attorneys for Defendants

7                                        Best Buy Co., Inc., Best Buy Stores, LP, and

8                                        Bestbuy.Com LLC

9

10  Dated:        March 18, 2013         Orrick, Herrington & Sutcliffe LLP

11

12

13                                       By: /s/ CHRISTOPHER P. BRODERICK

14                                       CHRISTOPHER P. BRODERICK

15                                        Attorneys for Defendants

16                                       Canon Inc. and Canon U.S.A., Inc.

17

18  Dated:        March 18, 2013         Kaye Scholer LLP

19

20

21                                       By: /s/ OSCAR RAMALLO

22                                       OSCAR RAMALLO

23                                        Attorneys for Defendant

24                                       B & H Foto & Electronics Corp.

25

26

27

28

21

Dated:      March 18, 2013        Kohan Law Firm

Ezra Sutton & Associates, P.A.


By: /s/ K. TOM KOHAN
_____

K. TOM KOHAN

Attorneys for Defendant and

Counter-claimant Sakar International, Inc.

Dated:      March 18, 2013        Greenburg Traurig, LLP


By: /s/ J. RICK TACHÉ
_____

J. RICK TACHÉ

Attorneys for Defendant

Mamiya America Corporation

Dated:      March 18, 2013        Greenburg Traurig, LLP


By: /s/ J. RICK TACHÉ
_____

J. RICK TACHÉ

Attorneys for Defendant

Leaf Imaging Ltd.

22

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1

2
Dated:        March 18, 2013              Orrick, Herrington & Sutcliffe LLP

3

4
                                          By: /s/ CHRISTOPHER P. BRODERICK

5
                                          CHRISTOPHER P. BRODERICK

6

7
                                          Attorneys for Defendants

8
                                          Olympus Corporation and Olympus Imaging

9
                                          America, Inc.

10
Dated:        March 18, 2013              Crowell & Moring LLP

11

12

13
                                          By: /s/ DANIEL A. SASSE

14
                                          DANIEL A. SASSE

15

16
                                          Attorneys for Defendants

17
                                          Leica Camera AG and Leica Camera Inc.

18
Dated:        March 18, 2013              Finnegan, Henderson, Farabow, Garrett &

19
                                          Dunner, LLP

20

21

22
                                          By: /s/ LIONEL M. LAVENUE

23
                                          LIONEL M. LAVENUE

24

25
                                          Attorneys for Defendants

26
                                          Sony Corporation, Sony Corporation of

27
                                          America, and Sony Electronics Inc.

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1

2

Dated:        March 18, 2013              Orrick, Herrington & Sutcliffe LLP

3

4

By: /s/ CHRISTOPHER P. BRODERICK

5

CHRISTOPHER P. BRODERICK

6

Attorneys for Defendant

7

FUJIFILM Corporation

8

9

Dated:        March 18, 2013              Knobbe, Martens, Olson & Bear, LLP

10

11

12

By: /s/ JON W. GURKA

13

JON W. GURKA

14

Attorneys for Defendant

15

General Imaging Company

16

Dated:        March 18, 2013              Orrick, Herrington & Sutcliffe LLP

17

18

19

By: /s/ CHRISTOPHER P. BRODERICK

20

CHRISTOPHER P. BRODERICK

21

Attorneys for Defendants

22

Sigma Corporation and Sigma Corporation of

23

America

24

25

26

27

28

24

1

Dated:        March 18, 2013          Orrick, Herrington & Sutcliffe LLP

2

3

4                                     By: /s/ CHRISTOPHER P. BRODERICK

5                                     CHRISTOPHER P. BRODERICK

6                                     Attorneys for Defendant

7                                     Target Corporation

8

9

Dated:        March 18, 2013          Orrick, Herrington & Sutcliffe LLP

10

11

12                                    By: /s/ CHRISTOPHER P. BRODERICK

13                                    CHRISTOPHER P. BRODERICK

14                                    Attorneys for Defendants

15                                    Nikon Corporation and Nikon, Inc.

16

17

Dated:        March 18, 2013          Orrick, Herrington & Sutcliffe LLP

18

19

20                                    By: /s/ CHRISTOPHER P. BRODERICK

21                                    CHRISTOPHER P. BRODERICK

22                                    Attorneys for Defendant

23                                    Micro Electronics, Inc.

24

25

26

27

28

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:        March 18, 2013          Orrick, Herrington & Sutcliffe LLP


By: /s/ CHRISTOPHER P. BRODERICK

CHRISTOPHER P. BRODERICK

Attorneys for Defendant
Overstock.com, Inc.

Dated:        March 18, 2013          The Webb Law Firm


By: /s/ CECILIA R. DICKSON

CECILIA R. DICKSON

Attorneys for Defendants
Newegg Inc. and Newegg.com Inc. and
Counter-Plaintiff Newegg Inc.

Dated:        March 18, 2013          DLA Piper LLP (US)


By: /s/ RICHARD DE BODO

RICHARD DE BODO

Attorneys for Defendants
Pentax Ricoh Imaging Co., Ltd.; Pentax Ricoh
Imaging Americas Corporation; Ricoh
Company, Ltd.; and Ricoh Americas Corp.

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

26

1

2   Dated:        March 18, 2013          Ballard Spahr LLP

3

4                                        By: /s/ ROSINA M. HERNANDEZ

5                                        ROSINA M. HERNANDEZ

6
                                         Attorneys for Defendant
7
                                         Xerox Corporation
8

9
    Dated:        March 18, 2013          Orrick, Herrington & Sutcliffe LLP
10

11

12                                       By: /s/ CHRISTOPHER P. BRODERICK

13                                       CHRISTOPHER P. BRODERICK

14
                                         Attorneys for Defendant
15
                                         Konica Minolta Business Solutions, U.S.A.,
16
                                         Inc.
17

18
    Dated:        March 18, 2013          Marshall, Gerstein & Borun LLP
19
                                          Gibson, Dunn & Crutcher LLP
20

21

22                                       By: /s/ ANTHONY S. GABRIELSON

23
                                         ANTHONY S. GABRIELSONAttorneys for
24
                                         Defendant
25
                                         CDW LLC
26

27

28

1
2

Dated:        March 18, 2013        Renner, Otto, Boisselle & Sklar, LLP

3
4

By: /s/ MARK C. JOHNSON

5

MARK C. JOHNSON

6
7

Attorneys for Defendants

Victor Hasselblad AB and Hasselblad USA

8
9

Inc.

10
11

Dated:        March 18, 2013        Sills Cummis & Gross P.C.

12
13

By: /s/ SCOTT D. STIMPSON

14

SCOTT D. STIMPSON

15
16

Attorneys for Defendants

Casio America, Inc. and Casio Computer Co.,

17
18

Ltd.

19
20

Dated:        March 18, 2013        Turner Boyd LLP

21
22

By: /s/ JOSHUA M. MASUR

23

JOSHUA M. MASUR

24
25

Attorneys for Defendants

ASUS Computer International and ASUSTeK

26
27

Computer Inc.

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

28

1

2     Dated:        March 18, 2013          Bostwick & Jassy LLP

3                                          Kilpatrick Townsend & Stockton LLP

4

5                                          By: /s/ GARY L. BOSTWICK

6                                          GARY L. BOSTWICK

7
                                           Attorneys for Defendant
8
                                           Motorola Mobility LLC
9

10
      Dated:        March 18, 2013          Jones Day
11

12

13                                         By: /s/ FRANK P. COTE

14                                         FRANK P. COTE

15
                                           Attorneys for Defendant
16
                                           Apple Inc.
17

18
      Dated:        March 18, 2013          Hodel Briggs Winter LLP
19

20

21                                         By: /s/ KARLA J. KRAFT

22                                         KARLA J. KRAFT

23
                                           Attorneys for Defendant
24
                                           Acacia Research Corporation
25

26

27

28

**SO ORDERED.**

DATED: _____          _____

Hon. Otis D. Wright, II

UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, John J. Edmonds, declare as follows:

I am over the age of eighteen years and am not a party to this action. I am employed at the law firm of Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC and I am a member of the bar of this Court. I hereby certify that on March 18, 2013 the following document was transmitted via the Court's Electronic Case Filing (ECF) system:

**JOINT REPORT UNDERFED.R.CIV.P. 26(f)**
**AND L.R. 26-1**

I further certify that the attached document was sent on March 11, 2013 via the Court's Electronic Case Filing (ECF) system to all counsel of record in this action.

March 18, 2013                          Respectfully Submitted,


                                        /s/ John J. Edmonds
                                        John J. Edmonds


                                        ATTORNEY FOR PLAINTIFF
                                        DIGITECH IMAGE
                                        TECHNOLOGIES, LLC.