| No. | Event | Plaintiff's Proposed Dates for Camera Defendants[1] | Plaintiff's Proposed Date for Phone/Tablet Defendants[2] | Plaintiff's Proposed Date for Copier Defendants[3] | Manufacturer Defendants' Proposed Date for Manufacturer Defendants | Retailer Defendants' Proposed Date for Retailer Defendants | Notes |
|---|---|---|---|---|---|---|---|
| 1 | Plaintiff's Good Faith Disclosure of Asserted Claims | 29-Mar-13 | 29-Mar-13 | 29-Mar-13 | 29-Mar-13 | Case should be stayed | |
| 2 | Parties Initial Disclosures | 8-Apr-13 | 8-Apr-13 | 8-Apr-13 | 8-Apr-13 | Case should be stayed | |
| 3 | Initial Case Management Conference | 1-Apr-13 | 1-Apr-13 | 1-Apr-13 | 1-Apr-13 | Case should be stayed | Court Order |
| 4 | Plaintiff's Infringement Contentions under Patent Rule 3-1 | 29-Apr-13 | 29-Apr-13 | 29-Apr-13 | 29-Apr-13 | Case should be stayed | Patent Rules: 14 days after Initial Conference |
| 5 | Defendant's Invalidity Contentions under Patent Rule 3-3 | 28-Jun-13 | 28-Jun-13 | 28-Jun-13 | 28-Jun-13 | Case should be stayed | Patent Rules: 45 days after Infringement Contentions (+15 to coordinate) |
| 6 | Deadline to Join Parties or Amend Pleadings | 1-Jul-13 | 1-Jul-13 | 1-Jul-13 | 1-Jul-13 | Case should be stayed | Judge Wright's Standard CMC Order: 90 days after the Order (+1 day for weekend) |
| 7 | Exchange of Proposed Terms for Construction under Patent Local Rule 4-1 | 26-Jul-13 | 26-Jul-13 | 26-Jul-13 | 26-Jul-13 | Case should be stayed | Patent Rules: 14 days after Invalidity Contentions (+10 to coordinate) |
| 8 | Exchange of Preliminary Claim Constructions under Patent Rule 4-2 | 23-Aug-13 | 23-Aug-13 | 23-Aug-13 | 23-Aug-13 | Case should be stayed | Patent Rules: 21 days after Proposed Terms for Construction (+7 coordinate) |

---

[1] For purposes of this schedule, the "Camera Defendants" include the following:
[2] For purposes of this schedule, the "Phone Defendants" include the following:
[3] For purposes of this schedule, the "Copier Defendants" include the following:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 9 | Joint Claim Construction and Prehearing Statement under Patent Rule 4-3 | 13-Sep-13 | 13-Sep-13 | 13-Sep-13 | 13-Sep-13 | Case should be stayed | Patent Rules: 60 days after Invalidity Contentions (+17 for above offsets) |
| 10 | Completion of Claim Construction Discovery under Patent Rule 4-4 | 14-Oct-13 | 14-Oct-13 | 14-Oct-13 | 14-Oct-13 | Case should be stayed | Patent Rules: 30 days after Joint CC and Prehearing Statement (+1 for weekend) |
| 11 | Plaintiff's Opening CC Brief under Patent Rule 4-5 | 29-Oct-13 | 29-Oct-13 | 29-Oct-13 | 29-Oct-13 | Case should be stayed | Patent Rules: 45 days after Joint CC and Prehearing Brief |
| 12 | Responsive CC Brief | 26-Nov-13 | 26-Nov-13 | 26-Nov-13 | 26-Nov-13 | Case should be stayed | Patent Rules: 14 days after Opening CC Brief (+14 to coordinate) |
| 13 | Reply CC Brief | 3-Dec-13 | 3-Dec-13 | 3-Dec-13 | 3-Dec-13 | Case should be stayed | Patent Rules: 7 days after Responsive CC Brief |
| 14 | Claim Construction Hearing | 17-Dec-13 | 17-Dec-13 | 17-Dec-13 | 17-Dec-13 | Case should be stayed | Patent Rules: 14 days after Reply Brief |
| 15 | Advice of Counsel Defense Deadline | 7-Mar-14 | 7-Mar-14 | 7-Mar-14 | 7-Mar-14 | Case should be stayed | Patent Rules: 50 days after claim construction ruling; estimates 30 days to issue CC Order (+1 for weekend) |
| 16 | Opening Expert Reports Due | 7-Mar-14 | 21-Mar-14 | 4-Apr-14 | 7-Mar-14 | Case should be stayed | 50 days after CC order; estimated date reflects 30 days for a CC Order (+1 for weekend); Deadlines for Phone and Copier Defendants are staggered by 2 weeks, successively. |
| 17 | Exchange of Privilege Logs | 14-Mar-14 | 14-Mar-14 | 14-Mar-14 | 14-Mar-14 | Case should be stayed | |
| 18 | Rebuttal Expert Reports | 21-Apr-14 | 5-May-14 | 19-May-14 | 21-Apr-14 | Case should be stayed | 45 days after opening reports (+1 for weekend); Deadlines for Phone and Copier Defendants are staggered by 2 weeks, successively. |
| 19 | Expert and Non-Expert Discovery Cutoff | 20-Jun-14 | 20-Jun-14 | 20-Jun-14 | 20-Jun-14 | Case should be stayed | 60 days after rebuttal reports to allow time for depositions; Per Judge Wright's Standard CMC Order, opening expert reports are due at least 8 weeks before discovery cutoff |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 20 | Deadline for filing motions other than MILs | 15-Aug-14 | 15-Aug-14 | 15-Aug-14 | Should be set after the close of discovery | Case should be stayed | Judge Wright's Patent Standing Order: 8 weeks after discovery cutoff |
| 21 | Deadline for filing MILs | 9-Oct-14 | 14-Nov-14 | 15-Dec-14 | Should be set after the close of discovery | Case should be stayed | Judge Wright's Standard CMC Order: 21 days before the Pre-Trial Conference |
| 22 | Pretrial Conference | 17-Nov-14 | 17-Dec-14 | 16-Jan-15 | Should be set after the close of discovery | Case should be stayed | 3 months after motion cutoff to allow time for hearing on motion (given 28 day notice requirement), order on motion, and preparation for pre-trial conference |
| 23 | Trial date | Trial date for a lead case[4] should be set by the court at the Scheduling Conference – proposed: January 2015 | Trial date for a lead case should be set by the court at the Scheduling Conference – proposed: January 2015 | Trial date for a lead case should be set by the court at the Scheduling Conference – proposed: February 2015 | Should be set after the close of discovery | Case should be stayed | No earlier than 8 weeks after pre-trial conference |

**PLAINTIFF'S POSITION**

Plaintiff disagrees with Defendants' position that a separate Scheduling Conference should take place after the close of discovery, including because such a belated Scheduling Conference would result in prejudicially delayed trial dates for these cases. Plaintiff's proposal schedule for these cases is fully set forth above.

---

[4] Plaintiff proposes that the parties meet and confer as to which camera, phone and copier defendants should go to trial first; and if the parties cannot agree, the Court can choose a lead case to be tried first at the Court's claim construction hearing or at such other time as the Court chooses.

**DEFENDANTS' POSITION**

In light of the number of defendants, the Defendants propose that that the Court hold a scheduling conference at the close of discovery to address the remaining deadlines to file motions (both motions in limine and motions other than those in limine), and to schedule the pre-trial conference and trial dates.  As a general proposition, the parties agree that the Court should enter staggered deadlines for these dates at the Court's convenience.

If the case against The Retailers is not stayed in its entirety, then the case against Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com (all of the retailers except B & H Foto and Newegg ) should be stayed until just before the close of discovery.

 If the case against Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com is not stayed in any respect, then the schedule for Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com should be set in coordination with the discovery and litigation schedule for the camera manufacturers except plaintiff should only be allowed to conduct limited damages discovery.

If the case against Newegg is not stayed in its entirety, the schedule for Newegg should be set in coordination with the discovery and litigation schedule for the camera manufacturers.

If the case against B & H Foto is not stayed in its entirety, then schedule for B & H Foto should be set in coordination with the discovery and litigation schedule for the camera manufacturers except plaintiff should only be allowed to conduct limited damages discovery of B&H Foto .

**THIRD-PARTY DEFENDANT ACACIA RESEARCH CORPORATION'S POSITION**

Acacia Research Corporation ("ARC") believes that initial disclosures do not need to be made by ARC until seven (7) business days after any ruling by the Court on ARC's Motion to Dismiss.  ARC also contends that the majority of the discovery anticipated by the other parties is inapplicable to ARC.  It is ARC's position that any discovery of ARC must be narrowly limited to ARC's ownership interest (or, more correctly, lack of ownership interest) in the '415 Patent, and that any discovery of ARC should be stayed pending a ruling on its Motion to Dismiss.