John J. Edmonds (State Bar No. 274200)
jedmonds@cepiplaw.com
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC
1851 East First Street, Suite 900
Santa Ana, California 92705
Telephone: (951) 708-1237
Facsimile: (951) 824-7901

Attorney for Plaintiff,
DIGITECH IMAGE TECHNOLOGIES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ELECTRONICS FOR IMAGING, INC., <br><br> Defendant. | CASE NO. SACV 12-01324-ODW (MRWx) <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER <br><br><br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PANASONIC CORPORATION and PANASONIC CORPORATION OF NORTH AMERICA, <br><br> Defendant. | CASE NO. SACV 12-01667-ODW (MRWx) <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER <br><br><br><br> Judge: Hon. Otis D. Wright, II |

| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BUY.COM, INC.,<br><br>Defendant. | CASE NO. SACV 12-01668-ODW (MRWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY CO., INC.; BEST BUY STORES, LP; BESTBUY.COM LLC,<br><br>Defendants. | CASE NO. SACV 12-01669-ODW (MRWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CANON INC. and CANON U.S.A., INC.,<br><br>Defendants. | CASE NO. SACV 12-01670-ODW (MRWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |

| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>B&H FOTO & ELECTRONICS CORP.,<br><br>Defendant. | CASE NO. SACV 12-01671-ODW (MRWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAKAR INTERNATIONAL, INC. d/b/a VIVITAR,<br><br>Defendant. | CASE NO. 8:12-CV-01673-ODW (MRWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEAF IMAGING LTD (d/b/a Mamiyaleaf), and MAMIYA AMERICA CORPORATION,<br><br>Defendants. | CASE NO. 8:12-CV-01675-ODW (MRW)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01676-ODW (MRWx) |
| Plaintiff, | |
| v. | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| OLYMPUS CORPORATION AND OLYMPUS IMAGING AMERICA, INC., | |
| Defendant. | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01677-ODW (MRWx) |
| Plaintiff, | |
| v. | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| LEICA CAMERA AG and LEICA CAMERA INC., | |
| Defendants. | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01678-ODW (MRWx) |
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| v. | |
| SONY CORPORATION; SONY CORPORATION OF AMERICA; and SONY ELECTRONICS INC., | Judge: Hon. Otis D. Wright, II |
| Defendants. | |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01679-ODW (MRWx) |
| Plaintiff, | |
| v. | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| FUJIFILM CORPORATION, | |
| Defendant. | Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL IMAGING CO., <br><br> Defendants. | CASE NO. 8:12-cv-01680-ODW (MRWx) <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER <br><br><br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SIGMA CORPORATION ET AL., <br><br> Defendant(s). | CASE NO. SACV 12-01681-ODW (MRWx) <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION, <br><br> Defendant. | CASE NO. SACV 12-01683-ODW (MRWx) <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NIKON CORPORATION AND NIKON INC., <br><br> Defendant. | CASE NO. SACV 12-01685-ODW (MRWx) <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER <br><br> Judge: Hon. Otis D. Wright, II |

| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRO ELECTRONICS, INC.,<br><br>Defendant. | CASE NO. SACV 12-01686-ODW (MRWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OVERSTOCK.COM, INC.,<br><br>Defendant. | CASE NO. SACV 12-01687-ODW (MRWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>                    Plaintiff,<br><br>           v.<br><br>NEWEGG INC. and NEWEGG.COM INC.,<br><br>                    Defendants.<br><br>NEWEGG INC.<br><br>                    Counter-Plaintiff,<br><br>           v.<br><br>DIGITECH IMAGE TECHNOLOGIES, LLC and ACACIA RESEARCH CORPORATION<br><br>Counter-Defendants. | CASE NO. SACV 12-01688-ODW (MRWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |

| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01689-ODW (MRWx) |
|---|---|
| Plaintiff, | |
| v. | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| PENTAX RICOH IMAGING COMPANY, LTD., PENTAX RICOH IMAGING AMERICAS CORP., RICOH COMPANY, LTD., AND RICOH AMERICAS CORP., | Judge: Hon. Otis D. Wright, II |
| Defendants. | |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01693-ODW (MRWx) |
| Plaintiff, | |
| v. | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| XEROX CORPORATION, | |
| Defendant. | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01694-ODW (MRWx) |
| Plaintiff, | |
| v. | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A., INC., | Judge: Hon. Otis D. Wright, II |
| Defendants. | |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01695-ODW (MRWx) |
| Plaintiff, | |
| v. | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| CDW LLC, | |
| Defendant(s). | Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR HASSELBLAD AB and HASSELBLAD USA INC.,<br><br>Defendants. | CASE NO. 8:12-cv-01696-ODW (MRWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CASIO COMPUTER CO LTD, CASIO AMERICA, INC.,<br><br>Defendants. | CASE NO. SACV 12-01697-ODW (MRW)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL and ASUSTEK COMPUTER INC.,<br><br>Defendants. | CASE NO. SACV 12-02122 ODW (SSx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC, et al.,<br><br>Defendants. | CASE NO. SACV 12-02123-ODW (MRWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-02125 ODW (MRWx) |
| Plaintiff, | |
| v. | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| APPLE, INC. | |
| Defendants. | Judge: Hon. Otis D. Wright, II |

Plaintiff Digitech Image Technologies, LLC ("Plaintiff") and Defendants Defendants Electronics for Imaging, Inc., Panasonic Corporation, Panasonic Corporation of North America, Buy.com, Inc., Best Buy Co., Inc., Best Buy Stores, LP; Bestbuy.com LLC, Canon Inc., Canon U.S.A., Inc., B & H Foto & Electronics Corp., Sakar International, Inc. d/b/a Vivitar, Leaf Imaging LTD (d/b/a Mamiyaleaf), Mamiya America Corporation, Olympus Corporation, Olympus Imaging America, Inc., Leica Camera AG, Leica Camera Inc., Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., Fujifilm Corporation, General Imaging Co., Sigma Corporation et al., Target Corporation, Nikon Corporation, Nikon Inc., Micro Electronics, Inc., Overstock.com, Inc., Pentax Ricoh Imaging Company, Ltd., Pentax Ricoh Imaging Americas Corp., Ricoh Company, Ltd., Ricoh Americas Corp., Newegg Inc., Newegg.com, Inc., Acacia Research Corporation, Xerox Corporation, Konica Minolta Business Solutions, U.S.A., Inc., Victor Hasselblad AB and Hasselblad USA Inc., Casio Computer Co Ltd, Casio America, Inc., Asus Computer International, Asustek Computer Inc., Motorola Mobility,  LLC et al., Apple, Inc. and CDW LLC (collectively "Defendants") anticipate that documents, testimony, and other discovery-related materials containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this

case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such documents, testimony, and other discovery-related materials, and the information contained therein.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.    **PURPOSES AND LIMITATIONS**

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.    **DEFINITIONS**

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, communications, testimony, transcripts, initial disclosures, responses to interrogatories and requests for admission, source code, and tangible things) that are produced, disclosed, or generated in connection with discovery in this case, including disclosures made pursuant to Rule 26(a) or Rule 45 of the Federal Rules of Civil Procedure.

(b)    "Outside Counsel" means (i) outside counsel who have entered an appearance as counsel for a Party, including counsel appearing as pro hac vice, and (ii) partners, associates, and staff of such outside counsel to whom it is reasonably necessary to disclose the Protected Material for this litigation.

(c)    "Patents-in-suit" means U.S. Patent No. 6,128,415 and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel.

(e)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include, among other things:  (i) advertising materials that have been actually published or publicly disseminated; or (ii) materials that show on their face they have been disseminated to the public.

(g)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)    "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, source code documents, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip. Source code includes, without limitation, human-readable programming language text that defines software, firmware, electronic hardware descriptions and/or instructions or schematics that define or otherwise

describe in detail the algorithms or structure of software or hardware. Source code documents at least include (1) printed documents that contain or describe in detail selected source code components (2) electronic communications and descriptive documents, such as emails, design documents and programming examples, which contain or describe in detail selected source code components ("described source code"); (3) electronic source code documents that reside in a source code repository from which software and related data files may be compiled, assembled, linked, executed, debugged and/or tested ("source code files"); and (4) transcripts, reports, video, audio, or other media that include, quote, cite, describe in detail source code, source code files, and/or the development hereof. Source code files include, but are not limited to documents containing source code in "C", "C++", VHDL, Java, Java scripting languages, assembler languages, command languages and shell languages. Source code files may further include "header files", "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.

(i)　"Final Determination" means the final resolution of all claims raised by either Party during the course of this litigation, whether by dismissal or by entry of judgment, including any and all appeals thereof.

3.　**COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

4.　**SCOPE**

(a)　The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any

information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.     **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

Plaintiff shall not share Protected Material produced by one Defendant with
any other Defendant in the above-identified actions, absent express written
permission from the producing Defendant.  This Order does not confer any right to
any one Defendant to access the Protected Material of any other Defendant.

   (b)  Patent Prosecution Bar.  Absent the written consent of the
Producing Party, any person on behalf of the Plaintiff who receives one or more
items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE
CODE" (collectively "Prosecution Bar Materials") by Defendant shall not be
involved, directly or indirectly, in any of the following activities:  (i) advising on,
consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent
applications, specifications, claims, and/or responses to office actions, or otherwise
affecting the scope of claims in patents or patent applications relating to digital
imaging processing, generally and as described in the Patents-in-suit, including but
not limited to the functionality, operation, design, or methods related to device
profiles for processing of digital images (generally or as described in the Patents-in-
suit), color information correction/transformation, or spatial information
correction/transformation or digital imaging system to capture, transform or render
an image using such technologies, before any foreign or domestic agency, including
the United States Patent and Trademark Office; and (ii) the acquisition of patents
(including patent applications), or the rights to any such patents or patent
applications with the right to sublicense, relating to digital imaging processing,
generally and as described in the Patents-in-suit, including but not limited to the
functionality, operation, design, or methods related to device profiles for processing
of digital images (generally or as described in any patent in suit), color information
correction/transformation, or spatial information correction/transformation or
digital imaging system to capture, transform or render an image using such

technologies. These prohibitions are not intended to and shall not preclude counsel from participating in reexamination proceedings on behalf of a Party challenging the validity of any patent, but are intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination or reissue proceedings on behalf of a patentee. These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.   Nothing in this provision shall prohibit any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the United States Patent and Trademark Office (or similar agency of a foreign jurisdiction) to assist the patent applicant in complying with any duty of candor and/or disclosure. This Prosecution Bar shall be personal to any attorney or person who reviews Prosecution Bar Materials, and shall not be imputed to any other attorney or person within the same law firm as the attorney or person who reviews Prosecution Bar Materials.

(c)     Secure Storage. Protected Material must be stored and maintained by a Receiving Party at a location within the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d)     Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials or the contents thereof, provided counsel does not disclose the Protected Material or its contents, itself except as provided in this Order.

(e)   <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.   **DESIGNATING PROTECTED MATERIAL**

(a)   <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)   <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" during the inspection and re-designated by the Producing Party, as appropriate during the copying process.

(c)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  All information disclosed during a deposition for which no designation was made on the record shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions,

other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(d)     Documents Produced in Native Form

(i)     No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(ii)     Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY – SOURCE CODE" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.

(iii)     When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file.

8.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)   The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(ix)    Any person who appears as the author or as an addressee on the face of the document or who has been identified by the Producing Party as having been provided with the document or the information by the Producing Party; and

(x)    Any other person with the prior written consent of the Producing Party.

9.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –ATTORNEYS' EYES ONLY"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     With respect to Discovery Material produced by the Plaintiff, not more than three (3) in-house intellectual property personnel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12below;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the

time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12below;

(iv)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)   Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(viii) Any person who appears as the author or as an addressee on the face of the document or who has been identified by the Producing Party as having been provided with the document or the information by the Producing Party; and

(ix)   Any other person with the prior written consent of the Producing Party.

10.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)   The Court, jury, and court personnel;

(v)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(vi)   Any person who appears as the author or as an addressee on the face of the document or who has been identified by the Producing Party as having been provided with the document or the information by the Producing Party; and

(vii)   Any other person with the prior written consent of the Producing Party.

11.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)   Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Santa Ana office of its outside counsel, or any other location mutually agreed by the Parties.  Any Source Code that is produced by the above-identified Defendants shall be made available at a location selected by the producing Defendant.  Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)   Prior to the first inspection of any requested Source Code, the Receiving Party shall provide thirty (30) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide fourteen (14) days notice prior to any additional inspections.

(c)   Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced

for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)    All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)    The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)    No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Any printed portion that consists of more than five (5) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  Source Code shall be printed in size twelve (12) point font or larger.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).

The Receiving Party shall have no more than a total of fifty (50) pages of a Producing Party's Source Code in its possession at any one time, and may request no more than one hundred (100) pages total of Source Code. The Receiving Party may destroy one or all of the fifty (50) pages of Source Code in its possession (and copies made pursuant to section 11(c)(ix)) in order to print additional pages of Source Code up to the fifty (50) page limit on printed Source Code. The Parties may agree to a reasonable extension of the fifty (50) and one hundred (100) page limits on printed Source Code, with the burden on the Receiving Party to demonstrate the need for such an extension. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party. Within fourteen (14) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least fourteen (14) days in advance of the first time that such person reviews such Source

Code.  Such identification shall be in addition to any other disclosure required under this Order, including, but not limited to, disclosure of information by the Receiving Party as required by Paragraph 12(a) of this Order.  All persons viewing source code must be citizens of the United States, and have resided continuously within the United States for the preceding ten (10) years.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

(vii)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(viii)  Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)    The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain

a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(xi)     For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Party's outside counsel for secure destruction in a timely manner following the deposition.

(xii)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be

used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

12. **NOTICE OF DISCLOSURE**

(a)    Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(iii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the

Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  Said written notice shall include an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to digital imaging processing, generally and as described in the Patents-in-suit, including but not limited the design, development, operation, or patenting of device profiles for processing of digital images, color information correction/transformation, or spatial information correction/transformation, or relating to the acquisition of intellectual property assets relating to device profiles for processing of digital images, color information correction/transformation, or spatial information correction/transformation.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in digital imaging processing, generally and as described in the Patents-in-suit, including but not limited to the design, development, operation or patenting of device profiles for processing of digital images, or color information correction/transformation, or spatial information correction/transformation or the acquisition of intellectual property assets relating to digital imaging processing, generally and as described in the Patents-in-suit, including but not limited to device profiles for processing of digital

images, or color information correction/transformation, or spatial information correction/transformation .

(b)     Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period.  If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the Producing Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and

attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.     **SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15.     **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party is authorized under Central District Local Rule 79-5.1 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

16.   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)      The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, third party confidentiality agreements without prior authorization, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)      Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)      Within thirty (30) days of receiving the Receiving Party's certification of destruction, the Producing Party shall provide a privilege log or an updated privilege log that identifies the inadvertently produced Discovery Material by Bates number and provides all other information required by Rule 26(b)(5)(a)(ii) of the Federal Rules of Civil Procedure.

17.   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)      The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party

learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice under section (a) , unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b)unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated as Prosecution Bar Material under this Order.

18.   **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)   In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)   Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.   **FINAL DISPOSITION**

(a)   Not later than sixty (60) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)   All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document

productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

20.    **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)    Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)    Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

(e)    Nothing in this Protective Order, including Paragraphs 20(a)–(c), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

21.   **MISCELLANEOUS**

(a)   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)   <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of or relating to this Protective Order, including any disputes involving non-parties.

(c)   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)   <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *suasponte* in the interests of justice. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

(g)     Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.

(h)     Non-Party Use of Protective Order.  Any non-party Producing Party who produces Discovery Material in this litigation, whether voluntarily or pursuant to a subpoena or by order of the Court, shall have the same rights of any other Producing Party with respect to the protections of this Protective Order.  Such non-party Producing Party shall designate any Protected Material pursuant to the terms of this Protective Order.  A non-party's use of this Protective Order to protect its Protected Material does not entitle that non-party access to any Protected Material produced by the Parties to this litigation or to any Protected Material produced by other non-parties.

(i)     Use of Protected Material at Trial.  The Receiving Party shall provide a minimum of two (2) full business days' notice to the Producing Party if the Receiving Party intends to use or otherwise introduce the Producing Party's Protected Material during trial.  Further, the Receiving Party shall not oppose any request by said Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony or other evidence relating to or involving the use of the Producing Party's Protected Material.

(j)     <u>Privilege Log Cutoff</u>.  Apart from a showing of good cause, neither Party shall be required to identify on its respective privilege log any document or communication dated on or after the filing of this action, which absent this provision, the Party would have been obligated to so identify on said privilege log.  The Parties shall exchange their respective privilege logs at a time agreed upon by the Parties following the production of documents.  Any non-party that elects not to produce certain Discovery Materials on the basis of an assertion or attorney-client privilege, work-product immunity, or any other applicable privilege or immunity, shall provide to each Party within thirty (30) days of commencing production a privilege log that complies with Rule 26(b)(5)(a) of the Federal Rules of Civil Procedure.

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Digitech Image Technologies, LLC v. [**LIST ALL CASES**]., United States District Court, Central District of California, Civil Action No. CV12-[**XXXX**] ODW (MRWx). Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

1   SO STIPULATED.
2

3   Dated:      March 18, 2013        Collins Edmonds Pogorzelski Schlather &
                                      Tower PLLC
4

5
                                      By: /s/
6                                     _____
                                      JOHN J. EDMONDS
7
                                      Attorneys for Plaintiff
                                      Digitech Image Technologies, LLC
8   Dated:      March 18, 2013        Jones Day
9

10
                                      By: /s/
11                                    _____
                                      FRANK P. COTE
12
                                      Attorneys for Defendant
                                      Electronics for Imaging, Inc.
13   Dated:     March 18, 2013        Orrick, Herrington & Sutcliffe LLP
14

15
                                      By: /s/
16                                    _____
                                      CHRISTOPHER P. BRODERICK
17
                                      Attorneys for Defendants
18                                    Panasonic Corporation And Panasonic
                                      Corporation of North America
19   Dated:     March 18, 2013        Dorsey & Whitney LLP
20

21
                                      By: /s/
22                                    _____
                                      CASE COLLARD
23
                                      Attorneys for Defendant Buy.com Inc.
24

25

26

27

28

- 43 -

| | | |
|---|---|---|
| 1 | Dated:      March 18, 2013 | Robins, Kaplan, Miller & Ciresi L.L.P. |
| 2 | | |
| 3 | | By: /s/ |
| 4 | | MICHAEL A. GEIBELSON |
| 5 | | Attorneys for Defendants<br>Best Buy Co., Inc., Best Buy Stores, LP, and<br>Bestbuy.Com LLC |
| 6 | | |
| 7 | Dated:      March 18, 2013 | Orrick, Herrington & Sutcliffe LLP |
| 8 | | |
| 9 | | By: /s/ |
| 10 | | Attorneys for Defendants |
| 11 | | Canon Inc. and Canon U.S.A., Inc. |
| 12 | Dated:      March 18, 2013 | Kaye Scholer LLP |
| 13 | | |
| 14 | | By: /s/ |
| 15 | | OSCAR RAMALLO |
| 16 | | Attorneys for Defendant<br>B & H Foto & Electronics Corp. |
| 17 | Dated:      March 18, 2013 | Kohan Law Firm<br>Ezra Sutton & Associates, P.A. |
| 18 | | |
| 19 | | By: /s/ |
| 20 | | K. TOM KOHAN |
| 21 | | Attorneys for Defendant and<br>Counter-claimant Sakar International, Inc. |
| 22 | Dated:      March 18, 2013 | Greenburg Traurig, LLP |
| 23 | | |
| 24 | | By: /s/ |
| 25 | | J. RICK TACHÉ |
| 26 | | Attorneys for Defendant<br>Mamiya America Corporation |
| 27 | | |
| 28 | | |

1   Dated:      March 18, 2013          Greenburg Traurig, LLP

2

3                                       By: /s/
                                        J. RICK TACHE
4
                                        Attorneys for Defendant
5                                       Leaf Imaging Ltd.

6   Dated:      March 18, 2013          Orrick, Herrington & Sutcliffe LLP

7

8                                       By: /s/
                                        CHRISTOPHER P. BRODERICK
9
                                        Attorneys for Defendants
10                                      Olympus Corporation and Olympus Imaging
                                        America, Inc.
11  Dated:      March 18, 2013          Crowell & Moring LLP

12

13                                      By: /s/
                                        DANIEL A. SASSE
14
                                        Attorneys for Defendants
15                                      Leica Camera AG and Leica Camera Inc.

16  Dated:      March 18, 2013          Finnegan, Henderson, Farabow, Garrett &
                                        Dunner, LLP
17

18

19                                      By: /s/
                                        LIONEL M. LAVENUE
20
                                        Attorneys for Defendants
21                                      Sony Corporation, Sony Corporation of
                                        America, and Sony Electronics Inc.
22  Dated:      March 18, 2013          Orrick, Herrington & Sutcliffe LLP

23

24                                      By: /s/
                                        CHRISTOPHER P. BRODERICK
25
                                        Attorneys for Defendant
26                                      Fujifilm Corporation

27

28

Dated:    March 18, 2013          Knobbe, Martens, Olson & Bear, LLP


                                   By: /s/
                                   JON W. GURKA

                                   Attorneys for Defendant
                                   General Imaging Company
Dated:    March 18, 2013          Orrick, Herrington & Sutcliffe LLP


                                   By: /s/
                                   CHRISTOPHER P. BRODERICK

                                   Attorneys for Defendants
                                   Sigma Corporation and Sigma Corporation of
                                   America
Dated:    March 18, 2013          Orrick, Herrington & Sutcliffe LLP


                                   By: /s/
                                   CHRISTOPHER P. BRODERICK

                                   Attorneys for Defendant
                                   Target Corporation
Dated:    March 18, 2013          Orrick, Herrington & Sutcliffe LLP


                                   By: /s/
                                   CHRISTOPHER P. BRODERICK

                                   Attorneys for Defendants
                                   Nikon Corporation and Nikon, Inc.
Dated:    March 18, 2013          Orrick, Herrington & Sutcliffe LLP


                                   By: /s/
                                   CHRISTOPHER P. BRODERICK

                                   Attorneys for Defendant
                                   Micro Electronics, Inc.

| | | |
|---|---|---|
| 1 | Dated:   March 18, 2013 | Orrick, Herrington & Sutcliffe LLP |
| 2 | | |
| 3 | | By: /s/ |
| 4 | | CHRISTOPHER P. BRODERICK |
| 5 | | Attorneys for Defendant<br>Overstock.com, Inc. |
| 6 | Dated:   March 18, 2013 | The Webb Law Firm |
| 7 | | |
| 8 | | By: /s/ |
| 9 | | CECILIA R. DICKSON |
| 10 | | Attorneys for Defendants<br>Newegg Inc. and Newegg.com Inc. and |
| 11 | | Counter-Plaintiff Newegg Inc. |
| 12 | Dated:   March 18, 2013 | DLA Piper LLP (US) |
| 13 | | |
| 14 | | By: /s/ |
| 15 | | RICHARD DE BODO |
| 16 | | Attorneys for Defendants<br>Pentax Ricoh Imaging Co., Ltd.; Pentax Ricoh |
| 17 | | Imaging Americas Corporation; Ricoh<br>Company, Ltd.; and Ricoh Americas Corp. |
| 18 | Dated:   March 18, 2013 | Ballard Spahr LLP |
| 19 | | |
| 20 | | By: /s/ |
| 21 | | ROSINA M. HERNANDEZ |
| 22 | | Attorneys for Defendant<br>Xerox Corporation |
| 23 | Dated:   March 18, 2013 | Orrick, Herrington & Sutcliffe LLP |
| 24 | | |
| 25 | | By: /s/ |
| 26 | | CHRISTOPHER P. BRODERICK |
| 27 | | Attorneys for Defendant<br>Konica Minolta Business Solutions, U.S.A., |
| 28 | | Inc. |

| | | |
|---|---|---|
| 1 | Dated: | March 18, 2013 |
| 2 | | |

Marshall, Gerstein & Borun LLP
Gibson, Dunn & Crutcher LLP


By: /s/
JOHN N. CARTER

Attorneys for Defendant
CDW LLC

Dated:      March 18, 2013      Renner, Otto, Boisselle & Sklar, LLP


By: /s/
MARK C. JOHNSON

Attorneys for Defendants
Victor Hasselblad AB and Hasselblad USA Inc.

Dated:      March 18, 2013      Sills Cummis & Gross P.C.


By: /s/
SCOTT D. STIMPSON

Attorneys for Defendants
Casio America, Inc. and Casio Computer Co., Ltd.

Dated:      March 18, 2013      Turner Boyd LLP


By: /s/
JOSHUA M. MASUR

Attorneys for Defendants
ASUS Computer International and ASUSTeK Computer Inc.

Dated:      March 18, 2013      Bostwick & Jassy LLP
Kilpatrick Townsend & Stockton LLP


By: /s/
GARY L. BOSTWICK

Attorneys for Defendant
Motorola Mobility LLC

1   Dated:        March 18, 2013        Jones Day

2

3                                       By: /s/
                                        _____
4                                       FRANK P. COTE

5                                       Attorneys for Defendant
                                        Apple Inc.
6

7

8   **SO ORDERED.**

9

10  DATED: _____        _____

11                                  Hon. Otis D. Wright, II
                                    UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28